OSCN Found Document:IN RE AMENDMENT OF RULE 10 RULES GOVERNING DISCIPLINARY PROCEDURES

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN RE AMENDMENT OF RULE 10 RULES GOVERNING DISCIPLINARY PROCEDURES
2023 OK 38
Decided: 04/10/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 38, __ P.3d __

 

IN RE: AMENDMENT OF RULE 10, RULES GOVERNING DISCIPLINARY PROCEDURES, 5 O.S. 2011, ch. 1, app. 1-A

ORDER

¶1 The Court hereby amends Rule 10, Rules Governing Disciplinary Procedures, (RGDP), 5 O.S. 2011, ch.1, app. 1-A, to include subsection 10.2A, as shown on the attached Exhibits A and B.

¶2 The amended rule shall be effective June 1, 2023.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10TH DAY OF APRIL, 2023.

/S/CHIEF JUSTICE

CONCUR: KANE, C.J., ROWE, V.C.J., KAUGER, EDMONDSON, COMBS, GURICH, DARBY, and KUEHN, JJ.;

NOT VOTING: WINCHESTER, J.

 

 

Exhibit A

RULE 10. SUSPENSION FOR PERSONAL INCAPACITY TO PRACTICE LAW

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.1. Definition.

The term "personally incapable of practicing law" shall include:

(a) Suffering from mental or physical illness of such character as to render the person afflicted incapable of managing himself, his affairs or the affairs of others with the integrity and competence requisite for the proper practice of law;

(b) Active misfeasance or repeated neglect of duty in respect to the affairs of a client, whether in matters pending before a tribunal or in other matters constituting the practice of law; or

(c) Habitual use of alcoholic beverages or liquids of any alcoholic content, hallucinogens, sedatives, drugs, or other mentally or physically disabling substances of any character whatsoever to any extent which impairs or tends to impair ability to conduct efficiently and properly the affairs undertaken for a client in the practice of law.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.2. Suspension.

Whenever it has been determined that a lawyer is personally incapable of practicing law, his license to practice shall be suspended until reinstated by order of this Court.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
10.2A. Emergency Interim Suspension Orders and Related Relief.

(1) Verified Complaint and Service.

The General Counsel, with the concurrence of the chairperson or vice-chairperson of the Professional Responsibility Commission, upon receipt of sufficient evidence demonstrating that a lawyer is personally incapable of practicing law as set forth in Rule 10 hereof, and where such conduct poses an immediate threat of substantial and irreparable public harm, may file a verified complaint in accordance with Rule 6 hereof requesting interim suspension and other appropriate relief. A copy of the complaint shall be served personally or by certified mail, return receipt requested, upon the respondent by General Counsel; provided that, if a respondent refuses to sign for, or otherwise does not claim the certified mail, then the General Counsel may serve the complaint and any further papers, notices and orders in accordance with Rule 12.1 hereof.

(2) Immediate Interim Suspension.

(a) Upon filing of the verified complaint, the Court may issue an order directing the respondent to object and show cause within ten (10) days why such order of interim suspension should not be entered. 

(b) In the event such an objection is timely filed, the Court, or any Justice thereof, may rule on the matter or the Court may refer the matter to the Professional Responsibility Tribunal for hearing and recommendations.

(3) Related Relief.

(a) Any order of interim suspension may include such other orders to the respondent as may be necessary to preserve and recover funds and other property of respondent's clients or other persons, and the Court may, upon its own motion or upon application of the General Counsel, issue an order authorizing the General Counsel to initiate civil proceedings in the appropriate court to obtain an order to preserve any such funds maintained in a financial institution or elsewhere.

(b) In the event that the respondent does not file an objection to the order as set forth in Rule 10.2A(2)(b) above, or in the event that such an objection is timely filed, but, after review on the matter, the order is entered, the Court may, upon its own motion or upon application of the General Counsel:

(i) require the respondent to give written notices to affected clients and otherwise comply with Rule 9.1 hereof within ten (10) days of the ruling or, where no timely objection to the order was filed, within ten (10) days of the expiration of the time for filing such an objection; and/or

(ii) issue an order requiring the appointment of an attorney(s) to wind up the respondent's business in accordance with Rule 9.3 hereof.

(4) Further Proceedings-Accelerated.

Disposition. In addition to the above, the respondent shall file an answer to the complaint with the Chief Justice pursuant to Rule 6.4, and, except as provided above, all proceedings thereafter shall be conducted in accordance with the Rules Governing Disciplinary Proceedings where no interim suspension is sought; provided that, the respondent may include in his/her answer a request for accelerated disposition, and, thereafter, the entire proceedings shall be concluded by the Professional Responsibility Tribunal and the Court without appreciable delay.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.3. Procedure in General.

(a) Proceedings to determine whether a lawyer is personally incapable of practicing law shall be instituted and conducted in the same manner and upon the same procedure as disciplinary proceedings, except as otherwise set out in these Rules.

(b) In addition to, and without exclusion of, any other circumstances, cause to believe that a lawyer may be personally incapable of practicing law, justifying referral to the General Counsel, shall exist whenever information is received that such lawyer (1) has interposed successfully a defense of mental incompetence to secure abatement of, or to defeat an adverse determination in, disciplinary proceedings brought against him in any tribunal in any jurisdiction, (2) has defended, upon like grounds, a suit brought against him in any tribunal in any jurisdiction, (3) has been judicially declared incompetent, or (4) has been legally committed, otherwise than voluntarily, to an institution for the treatment of mental illness.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.4. Inquiry as to Personal Incapacity to Practice Law, Incidental to Disciplinary Proceedings.

Whenever in a disciplinary proceeding brought under these rules, the respondent interposes present mental incompetence as a ground for abating the proceeding, the Trial Panel of the Professional Responsibility Tribunal shall determine whether the respondent is mentally incapable to defend or to assist his counsel in defending against the charges. If it finds that the respondent is mentally incapable so to defend or to assist in defending, but that the condition is temporary, the Trial Panel may recommend that the disciplinary proceeding be continued until the condition is terminated, and that, until such termination, the lawyer be suspended from the practice of law on the ground of such personal incapacity. When the cessation of such condition is made known to the Professional Responsibility Commission, it shall call it to the attention of the Professional Responsibility Tribunal with a request to proceed with the disciplinary proceeding. If the Trial Panel finds that the respondent's mental incapability is permanent or probably permanent, it shall proceed as if the respondent specifically had been alleged to be personally incapable of practicing law.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.5. Joinder of Disciplinary Charges with Charges of Personal Incapacity to Practice Law.

Whenever a proceeding charging that a lawyer is personally incapable of practicing law is based upon conduct or neglect of duty in respect to the affairs of a client, the complaint must also allege specifically any such conduct which would justify the imposition of discipline, so that the Professional Responsibility Tribunal may hear evidence thereon, and in its report shall make findings and a recommendation as to whether the lawyer should be disciplined or whether he should be found personally incapable of practicing law.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.6. Representation by Counsel.

In proceedings under this Rule, respondents shall be entitled to representation by counsel. A respondent who has been judicially declared mentally incompetent, or who has been judicially committed to an institution for the treatment of the mentally ill, shall be defended by his legally appointed guardian or guardian ad litem, if any; in default thereof, the Chief Justice, on certification by the Professional Responsibility Tribunal, shall appoint a guardian ad litem. The same procedure shall apply to a respondent who has asserted his incompetence or whose incompetence to defend becomes apparent during the proceedings. In all cases, counsel previously selected by the respondent will be appointed guardian ad litem, absent clear and compelling reasons.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.7. Service of Process or Notice.

Service of process on or notices to a respondent who has been committed or declared incompetent shall be accomplished as required by civil procedure or by rule of the Professional Responsibility Tribunal. After appointment of a guardian ad litem, notices will be served upon him.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.8. Proof by Certified Copies.

A certified copy of a court order declaring a respondent mentally incompetent, or an order of commitment, if he has been committed to an institution for the care of the mentally incompetent, shall constitute sufficient evidence that he is personally incapable of practicing law, if not successfully rebutted.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.9. Examination by Physicians.

In any proceeding where mental incompetency is an issue, the respondent may be required to submit to a mental examination by one or more physicians selected by the Professional Responsibility Commission or by the Trial Panel of the Professional Responsibility Tribunal after its appointment. Reports of physicians regarding the mental condition of a respondent may be received as probative evidence, if the physicians are available for cross-examination or if cross-examination is waived.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.10. Proceedings in Supreme Court.

The report of the Trial Panel of the Professional Responsibility Tribunal shall be made to the Chief Justice for proceedings in the Supreme Court as in disciplinary actions. If the Court finds the respondent personally incapable of practicing law, he shall be formally suspended from the practice of law until the further order of the Court.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.11. Application for Reinstatement.

(a) Procedures for reinstatement of a lawyer suspended because of personal incapacity to practice law shall be, insofar as applicable, the same as the procedures for reinstatement provided in Rule 11 following suspension upon disciplinary grounds. The petition shall be filed with the Clerk of the Supreme Court and the petitioner will be required to supply such supporting proof of personal capacity as may be necessary. In addition, the petitioner may be required to submit to examinations by physicians selected by the Professional Responsibility Tribunal. After the matter is submitted to the Professional Responsibility Tribunal, the Trial Panel may require such additional testimony and proof as may be helpful in determining whether the petitioner should be reinstated.

(b) After the hearing has been completed, the record and the report shall be forwarded to the Supreme Court for its consideration as a part of the record in the proceeding.

(c) The actual cost of the proceedings for suspension and for reinstatement shall be assessed against the respondent or petitioner unless remitted by the Supreme Court on the ground of hardship.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.12. Confidentiality.

Except where disciplinary proceedings are involved (Rule 10.4), all proceedings under this Rule 10 shall remain confidential and shall not be a matter of public record, unless otherwise ordered by the Supreme Court. A separate, non-public docket and files shall be maintained for this purpose, under the supervision of the Chief Justice.

 

 

Exhibit B

RULE 10. SUSPENSION FOR PERSONAL INCAPACITY TO PRACTICE LAW

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.1. Definition.

The term "personally incapable of practicing law" shall include:

(a) Suffering from mental or physical illness of such character as to render the person afflicted incapable of managing himself, his affairs or the affairs of others with the integrity and competence requisite for the proper practice of law;

(b) Active misfeasance or repeated neglect of duty in respect to the affairs of a client, whether in matters pending before a tribunal or in other matters constituting the practice of law; or

(c) Habitual use of alcoholic beverages or liquids of any alcoholic content, hallucinogens, sedatives, drugs, or other mentally or physically disabling substances of any character whatsoever to any extent which impairs or tends to impair ability to conduct efficiently and properly the affairs undertaken for a client in the practice of law.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.2. Suspension.

Whenever it has been determined that a lawyer is personally incapable of practicing law, his license to practice shall be suspended until reinstated by order of this Court.

Rules Governing Disciplinary Proceedings.

Chapter 1, App. 1-A

Rule 10. Suspension for Personal Incapacity to Practice Law.

10.2A. Emergency Interim Suspension Orders and Related Relief.

(1) Verified Complaint and Service.

The General Counsel, with the concurrence of the chairperson or vice-chairperson of the Professional Responsibility Commission, upon receipt of sufficient evidence demonstrating that a lawyer is personally incapable of practicing law as set forth in Rule 10 hereof, and where such conduct poses an immediate threat of substantial and irreparable public harm, may file a verified complaint in accordance with Rule 6 hereof requesting interim suspension and other appropriate relief. A copy of the complaint shall be served personally or by certified mail, return receipt requested, upon the respondent by General Counsel; provided that, if a respondent refuses to sign for, or otherwise does not claim the certified mail, then the General Counsel may serve the complaint and any further papers, notices and orders in accordance with Rule 12.1 hereof.

(2) Immediate Interim Suspension.

(a) Upon filing of the verified complaint, the Court may issue an order directing the respondent to object and show cause within ten (10) days why such order of interim suspension should not be entered.

(b) In the event such an objection is timely filed, the Court, or any Justice thereof, may rule on the matter or the Court may refer the matter to the Professional Responsibility Tribunal for hearing and recommendations.

(3) Related Relief.

(a) Any order of interim suspension may include such other orders to the respondent as may be necessary to preserve and recover funds and other property of respondent's clients or other persons, and the Court may, upon its own motion or upon application of the General Counsel, issue an order authorizing the General Counsel to initiate civil proceedings in the appropriate court to obtain an order to preserve any such funds maintained in a financial institution or elsewhere.

(b) In the event that the respondent does not file an objection to the order as set forth in Rule 10.2A(2)(b) above, or in the event that such an objection is timely filed, but, after review on the matter, the order is entered, the Court may, upon its own motion or upon application of the General Counsel:

(i) require the respondent to give written notices to affected clients and otherwise comply with Rule 9.1 hereof within ten (10) days of the ruling or, where no timely objection to the order was filed, within ten (10) days of the expiration of the time for filing such an objection; and/or

(ii) issue an order requiring the appointment of an attorney(s) to wind up the respondent's business in accordance with Rule 9.3 hereof.

(4) Further Proceedings-Accelerated.

Disposition. In addition to the above, the respondent shall file an answer to the complaint with the Chief Justice pursuant to Rule 6.4, and, except as provided above, all proceedings thereafter shall be conducted in accordance with the Rules Governing Disciplinary Proceedings where no interim suspension is sought; provided that, the respondent may include in his/her answer a request for accelerated disposition, and, thereafter, the entire proceedings shall be concluded by the Professional Responsibility Tribunal and the Court without appreciable delay.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.3. Procedure in General.

(a) Proceedings to determine whether a lawyer is personally incapable of practicing law shall be instituted and conducted in the same manner and upon the same procedure as disciplinary proceedings, except as otherwise set out in these Rules.

(b) In addition to, and without exclusion of, any other circumstances, cause to believe that a lawyer may be personally incapable of practicing law, justifying referral to the General Counsel, shall exist whenever information is received that such lawyer (1) has interposed successfully a defense of mental incompetence to secure abatement of, or to defeat an adverse determination in, disciplinary proceedings brought against him in any tribunal in any jurisdiction, (2) has defended, upon like grounds, a suit brought against him in any tribunal in any jurisdiction, (3) has been judicially declared incompetent, or (4) has been legally committed, otherwise than voluntarily, to an institution for the treatment of mental illness.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.4. Inquiry as to Personal Incapacity to Practice Law, Incidental to Disciplinary Proceedings.

Whenever in a disciplinary proceeding brought under these rules, the respondent interposes present mental incompetence as a ground for abating the proceeding, the Trial Panel of the Professional Responsibility Tribunal shall determine whether the respondent is mentally incapable to defend or to assist his counsel in defending against the charges. If it finds that the respondent is mentally incapable so to defend or to assist in defending, but that the condition is temporary, the Trial Panel may recommend that the disciplinary proceeding be continued until the condition is terminated, and that, until such termination, the lawyer be suspended from the practice of law on the ground of such personal incapacity. When the cessation of such condition is made known to the Professional Responsibility Commission, it shall call it to the attention of the Professional Responsibility Tribunal with a request to proceed with the disciplinary proceeding. If the Trial Panel finds that the respondent's mental incapability is permanent or probably permanent, it shall proceed as if the respondent specifically had been alleged to be personally incapable of practicing law.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.5. Joinder of Disciplinary Charges with Charges of Personal Incapacity to Practice Law.

Whenever a proceeding charging that a lawyer is personally incapable of practicing law is based upon conduct or neglect of duty in respect to the affairs of a client, the complaint must also allege specifically any such conduct which would justify the imposition of discipline, so that the Professional Responsibility Tribunal may hear evidence thereon, and in its report shall make findings and a recommendation as to whether the lawyer should be disciplined or whether he should be found personally incapable of practicing law.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.6. Representation by Counsel.

In proceedings under this Rule, respondents shall be entitled to representation by counsel. A respondent who has been judicially declared mentally incompetent, or who has been judicially committed to an institution for the treatment of the mentally ill, shall be defended by his legally appointed guardian or guardian ad litem, if any; in default thereof, the Chief Justice, on certification by the Professional Responsibility Tribunal, shall appoint a guardian ad litem. The same procedure shall apply to a respondent who has asserted his incompetence or whose incompetence to defend becomes apparent during the proceedings. In all cases, counsel previously selected by the respondent will be appointed guardian ad litem, absent clear and compelling reasons.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.7. Service of Process or Notice.

Service of process on or notices to a respondent who has been committed or declared incompetent shall be accomplished as required by civil procedure or by rule of the Professional Responsibility Tribunal. After appointment of a guardian ad litem, notices will be served upon him.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.8. Proof by Certified Copies.

A certified copy of a court order declaring a respondent mentally incompetent, or an order of commitment, if he has been committed to an institution for the care of the mentally incompetent, shall constitute sufficient evidence that he is personally incapable of practicing law, if not successfully rebutted.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.9. Examination by Physicians.

In any proceeding where mental incompetency is an issue, the respondent may be required to submit to a mental examination by one or more physicians selected by the Professional Responsibility Commission or by the Trial Panel of the Professional Responsibility Tribunal after its appointment. Reports of physicians regarding the mental condition of a respondent may be received as probative evidence, if the physicians are available for cross-examination or if cross-examination is waived.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.10. Proceedings in Supreme Court.

The report of the Trial Panel of the Professional Responsibility Tribunal shall be made to the Chief Justice for proceedings in the Supreme Court as in disciplinary actions. If the Court finds the respondent personally incapable of practicing law, he shall be formally suspended from the practice of law until the further order of the Court.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.11. Application for Reinstatement.

(a) Procedures for reinstatement of a lawyer suspended because of personal incapacity to practice law shall be, insofar as applicable, the same as the procedures for reinstatement provided in Rule 11 following suspension upon disciplinary grounds. The petition shall be filed with the Clerk of the Supreme Court and the petitioner will be required to supply such supporting proof of personal capacity as may be necessary. In addition, the petitioner may be required to submit to examinations by physicians selected by the Professional Responsibility Tribunal. After the matter is submitted to the Professional Responsibility Tribunal, the Trial Panel may require such additional testimony and proof as may be helpful in determining whether the petitioner should be reinstated.

(b) After the hearing has been completed, the record and the report shall be forwarded to the Supreme Court for its consideration as a part of the record in the proceeding.

(c) The actual cost of the proceedings for suspension and for reinstatement shall be assessed against the respondent or petitioner unless remitted by the Supreme Court on the ground of hardship.

Rules Governing Disciplinary Proceedings.
Chapter 1, App. 1-A
Rule 10. Suspension for Personal Incapacity to Practice Law.
§10.12. Confidentiality.

Except where disciplinary proceedings are involved (Rule 10.4), all proceedings under this Rule 10 shall remain confidential and shall not be a matter of public record, unless otherwise ordered by the Supreme Court. A separate, non-public docket and files shall be maintained for this purpose, under the supervision of the Chief Justice.

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA